COBB, Judge.
On March 4, 2003, after a bench trial, D.K.T. was adjudicated delinquent on the underlying charges of second-degree and third-degree theft of property, violations of §§ 13A-8-4 and 13A-8-5, Ala.Code 1975. On the same day, the trial court committed D.K.T. to the custody of the Alabama Department of Youth Services and ordered him detained until accepted into a boot camp program. This appeal followed.
The facts adduced at trial indicate the following: On or about January 19, 2003, D.K.T.’s[1] second cousin, Lisa Herald, and her 13-year-old son were at home when there was a knock at the door. Herald looked out and saw D.K.T. and two of his friends at the door, but she chose not to open the door; she instead got into the shower. D.K.T. and his three friends sat on the doorstep of Herald’s house for approximately 20 minutes. When Herald looked out to find that the children had left, she noticed that two bicycles — a girl’s bicycle and a boy’s bicycle — were missing from the front yard and the backyard. Herald telephoned the police, who found the three children with the two bicycles. Herald identified the bicycles as belonging to her.
Herald also testified that, at least twice before the incident in question, D.K.T. had borrowed a bicycle from her home and that she had not told him that he could not do that. When asked if she had ever given D.K.T. permission to borrow the bicycles, Herald testified that “[he] took them, he thinks it’s okay because I’m his cousin.” (R. 8.) Herald testified that the bike D.K.T. had previously borrowed was old, that she had never had a problem with his borrowing the old bike, but that the two bikes in question were new. Herald testified that she never told D.K.T. not to use the old bike. She also testified that she never told D.K.T. not to use the new bikes.
D.KT.’s grandmother testified that Herald had told her that she did not want D.K.T. borrowing the new bikes; however, D.KT.’s grandmother testified that she never mentioned this fact to D.K.T. because he was out of town at the time Herald made the statement.
Herald testified that the value of the two bicycles, that is, the value of “both of them,” was between $300 and $350 (R. 6, 16), and that the boy’s bicycle cost more than the girl’s bicycle. She later testified that, although she could not remember *177 how much each bicycle cost (R. 17), the values for the two bicycles listed in the complaints[2] — $150 and $250 — were fair estimates of the values of the two bicycles. (R. 9.)
D.K.T. raises two issues on appeal. First; he argues that the State did not provide sufficient evidence showing that he intended to deprive Herald of the property in question. Second, he argues that the only evidence provided by the State in regard to the value of the property was the contradictory testimony of Herald.
The State argues that D.KT.’s argument regarding intent was not preserved for appellate review. At trial, the trial court interrupted when D.KT.’s counsel attempted to continue to question Herald about the fact that she had never instructed D.K.T. not to use the new bikes:
“THE COURT: That’s — it’s like somebody sticking up the bank, does the president have to ask him, ‘Please don’t stick up my bank,’ before—
“[Defense counsel]: Well, Your Hon- or—
“THE COURT: I’m not following where you’re going with this.
“[Defense counsel]: Well, Your Hon- or, we’re just trying to show that there has been a past pattern and practice that she had allowed him to use the bikes and there was never any knowledge given to him that he should not take the bikes.
“THE COURT: Well, you go ahead, that ain’t gonna weigh much.
“[Defense counsel]: Well, I think it goes to intent, Your Honor.
“THE COURT: Intent?
“[Defense counsel]: Intent. What was his intent, not to deprive her of her property, he was just using them.
“THE COURT: Don’t waste our time, let’s move on.
“[Defense counsel]: All right.”
(R. 14-15.) At the close of the State’s evidence, D.K.T. moved for a judgment of acquittal based on the State’s failure to prove the value of the property involved, not on the State’s failure to prove intent. Even if we construe the exchange between defense counsel and the trial court as an objection, which we do not, D.K.T. never obtained an adverse ruling; therefore, this issue was not preserved for appellate review. Sotto v. State 701 So.2d 309, 312 (Ala.Crim.App.1997).
As for D.KT.’s value argument, in order to establish a prima facie case of second-degree theft of property, the State must prove that the property in question “exceeds $250.00 in value but does not exceed $1,000.00....” § 13A-8-4(a), Ala.Code 1975. In order to establish a prima facie case of third-degree theft of property, the State must prove that the property in question “does not exceed $250.00 in value.” § 13A-8-5(a), Ala.Code 1975.
Although Herald’s testimony was not clear, she testified that the combined value of the bicycles was $300 to $350. The complaints valued the bicycles at $150 and $250, for a total of $400. However, there was no evidence whatsoever that the value of either bicycle exceeded $250.
The evidence at trial supported two charges of third-degree theft of property, rather than one charge of second-degree and one charge of third-degree. Accordingly, this cause is remanded with directions that the trial court set aside *178 D.HT.’s adjudication as delinquent based on the underlying charge of second-degree theft of property. See M.T.R. v. State, 620 So.2d 753 (Ala.Crim.App.1993). The trial court is further instructed to enter an order adjudicating D.K.T. delinquent based on the underlying charge of third-degree theft of property, so that he is adjudicated delinquent on two charges of third-degree theft of property, and to sentence him accordingly, as he is no longer guilty of a felony. Due return shall be made within 28 days of this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.*
McMILLAN, P. J., and SHAW and WISE, JJ„ concur. BASCHAB, J., concurs in part and dissents in part, with opinion.

. D.K.T. was 15 years old at the time of the incident.

. The complaints alleged that D.K.T. "did knowingly obtain or exert unauthorized control over one MGX 21 speed bicycle ... of the value of $250.00” (C. 4), and "one Roadmas-ter bicycle ... of the value of $150.00” (C. 7).

 Note from the reporter of decisions: On August 15, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On September 19, 2003, that court denied rehearing, without opinion. On February 13, 2004, the Supreme Court denied certiorari review, without opinion (1030001).